## Commonwealth v. Reichart

*John M. Kuchka,* for Commonwealth.
*Charles B. Pursel,* for defendant.

MYERS, *P.J.,* November 4, 1977—Defendant was charged with killing a doe in closed season.

Defendant signed a field acknowledgement and was fined $200 pursuant to The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.506(b). Defendant's hunting privileges were also suspended for one year, pursuant to 34 P.S. §1311.315(5).

Defendant then filed a timely appeal to this court, and a de novo hearing was held. In support of his appeal, defendant asserts: (1) that he killed the doe by mistake; and (2) that the one year license revocation was excessive.

The instant appeal is authorized by 34 P.S. §1311.315(6). Unfortunately, §1311.315(6) is hardly a model of legal draftsmanship, and it does not provide any clues as to the scope of our authority in a proceeding of this type.

In our view, however, we are compelled by §1311.315(6) to determine: (1) whether defendant was guilty or innocent; and (2) whether the period of revocation was excessive in view of the violation committed: Weidman Appeal, 44 D. & C. 2d 688 (1968); Game Commission v. Long, 14 Cumb. 94 (1964). Contra: Appeal of Wunch, 45 Erie 25 (1960). See also: Game Commission v. Smith, 80 York 142 (1966).

From the testimony presented at the instant hearing, we conclude that defendant's appeal has no merit.

Defendant testified that he was hunting during buck season on December 2, 1976, when he saw three deer standing about 75 yards away. Although it was snowing at the time, which must have interfered with defendant's vision, defendant said that he thought he could see horns on each of the three deer.

Defendant fired his gun, and then discovered that he had hit a very small doe. He fired a second shot to put the animal out of its misery.

Defendant maintains that he killed the doe by "mistake," as that term is defined in 34 P.S. §1311.710.

Under these circumstances, we disagree.

If a hunter unlawfully kills an animal by mistake, he must immediately remove the entrails and deliver the carcass to any game protector or his residence. Moreover, within 24 hours of the kill, the hunter must file a written statement explaining when, where and how the mistake occurred.

Defendant did not follow any of the procedures set forth in section 1311.710. In his testimony, he admitted that he was aware of the requirement that the animal be immediately gutted. Nonetheless, he let the animal lay, and he quickly left the site of the

kill. Subsequently, he made an attempt to call the game protector, but was unsuccessful.

Since defendant did not comply with any of the requirements of section 1311.710, we cannot regard this killing as a mistake. Moreover, the "mistake" provisions of section 1311.710 do not apply if the killing was caused by negligence or carelessness. In the instant case, we believe that the doe was killed because defendant's behavior was clearly careless.

Hence, we have no alternative but to find defendant guilty.

Further, under these circumstances, we find that the one year revocation was appropriate, and not excessive, due to the degree of carelessness exhibited by defendant in the field.

Defendant's one year revocation was originally scheduled to begin on September 1, 1977. However, defendant obtained a supersedeas when he filed the instant appeal. Hence, we will reinstate the one year revocation.

## ORDER

And now, November 4, 1977, after hearing held, we adjudge defendant guilty of violating The Pennsylvania Game Law of 1937, as amended.

Accordingly, defendant shall pay the costs of prosecution and the sum of $200 to the Commonwealth of Pennsylvania. It is further directed that defendant's hunting privileges shall be, and are hereby, revoked for a period of one year. It is further directed that defendant shall return his hunting license to the Columbia County Treasurer, Courthouse, Bloomsburg, Pa., within ten days from this date, with the revocation to commence on the date said license is transmitted to the said Columbia County Treasurer.